### BARKER v. CRAWFORD *et al.*

(*Supreme Court, General Term, First Department.* October 24, 1890.)

SATISFACTION OF JUDGMENT.

An application to satisfy a judgment recorded on undertakings was made on the affidavit of the defendants' attorney, and on behalf of the surety, on the ground that the judgment had been paid by defendant C., who was primarily liable thereon. The affidavit of the plaintiff's attorney confirmed the statement. C. denied the payment, as did also a third party, who swore that he purchased the judgment as an accommodation to C., which was corroborated by their attorney. *Held*, that the motion was properly denied, without prejudice to an action.

Appeal from special term, New York county.

This is an appeal by Anson O. Stevens from an order denying his motion that a judgment entered in favor of the plaintiff in an action against himself and his co-defendant Erastus Crawford be satisfied of record on the ground that it had been paid by said Crawford.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thos. M. Tyng*, for appellant.     *Jacob Fromme*, for respondents.

DANIELS, J. The judgment was recovered on undertakings or bonds given in an action in the courts of the United States. The application to satisfy it was made on the affidavit of the defendants' attorney, and on behalf of one of the surety, Anson O. Stevens, that it had been in fact paid by the defendant Erastus Crawford, who was primarily liable to discharge the obligation; and the affidavit of Mr. Shoudy, one of the plaintiff's attorneys, confirmed this statement. But the affidavit of Mr. Crawford positively denies these statements, and so does that of Mr. Adams, who swears that he purchased the judgment with his own money, and as an accommodation to the defendant Crawford, for the object of securing equality of liability between himself and the other surety; and the affidavit of Mr. Fromme sustains the fact that the purchase was made by Mr. Adams, and that the judgment was not paid. Upon this evidence the court could not order the judgment to be satisfied, and the motion was therefore denied, without prejudice to an action. The order was right, and should be affirmed, with $10 costs, and the disbursements on the appeal. All concur.